**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
**www.flmb.uscourts.gov**

IN RE:  
CHARLES DOUGLAS MORGAN  
DEANNA LYNN MORGAN  
       Debtors.                      /

CASE NO.: 3:12-bk-08147-PMG  
CHAPTER 13

## MODIFIED CHAPTER 13 PLAN

The Debtors submits the following Modified Chapter 13 Plan:

1. The future earnings of the Debtors are submitted to the control and supervision of the Trustee, and the Debtors shall pay to the Trustee the sum **$2,236.80** per month in months one (1) through sixteen (16), the sum of **$2,811.39** per month in months seventeen (17) through twenty (20); **$3,248.72** in months twenty-one (21) through thirty (30); **$2,251.73** in months thirty-one (31) through thirty-four (34); **$3,248.72** in months thirty-five (35) through fifty-nine (59) and the sum of **$37,164.02** in month sixty (60) for a total Plan period of sixty (60) months.
2. From the payments so received, the Trustee shall make disbursements as follows:

    A. **PRIORITY CLAIMS**
    - (1) The fees and expenses of the Trustee shall be paid over the life of the plan at the rate of ten percent (10%) of the amount of all payments under the plan.
    - (2) The Debtors owe $3,000.00 in unpaid attorney's fees. The Trustee shall pay the order of Parker & DuFresne, P.A. **$300.00** per month in the month one (1) through ten (10) until paid in full.
    - (3) **INTERNAL REVENUE SERVICE** holds a claim in the amount of $38,833.50 of which $29,049.58 is a priority claim for the Debtors' unpaid income taxes. The Trustee shall pay this priority claim in the amount of $29,049.58 with monthly payments of **$364.55** in month three (3) through ten (10); **$664.55** in month eleven (11) through sixteen (16) and **$515.02** in months seventeen (17) through thirty (30); **$897.29** in months thirty-five (35) through forty-eight (48); **$653.09** in months thirty-six (36) through fifty-one (51); and **$414.27** in month fifty-two (52), until paid in full. The remaining balance of $9,783.92 shall be treated as a general unsecured claim.

    B. **SECURED CLAIMS**
    - (1) **HANCOCK BANK** holds a mortgage on the Debtors' homestead property located at 3446 Thalia Road, Jacksonville Beach, FL 32250. The Debtors have been denied a mortgage modification. The Trustee shall pay the adequate protection payments of **$1,348.57** in months one (1) through sixteen (16); **$1,632.96** in months seventeen (17) through twenty (20); **$2,026.55** per month in months twenty-one (21) through sixty (60). The Debtors are in pre-petition arrears in the amount of $31,176.94. The Trustee shall pay these arrears in the amount of **$31,176.94** in month sixty (60), until paid in full. The Debtors are in post-petition arrears of $2,930.32. The Trustee shall pay these arrears in the amount of **$244.20** per month in months forty-nine (49) through sixty (60), until paid in full.
    - (2) **HANCOCK BANK** holds a second mortgage on the Debtors' homestead property. The Debtors have filed an adversary proceeding against this creditor to value its lien against the homestead property at $0.00. The Trustee shall make no payments to this creditor.

    (3)    **COMMUNITY FIRST CREDIT UNION** holds a perfected lien on the Debtors' 2003 Lexus ES 300 in the amount of $683.56. The Trustee shall pay this secured claim at the current contract rate of $**364.55** per month beginning in months one (1) through two (2), until paid in full. This includes the contract interest rate.

  C.  **UNSECURED CLAIMS**  Unsecured creditors, including those secured creditors who have deficiency claims or whose liens have been avoided and who timely file proofs of claim shall receive distribution pro-rata. The Trustee shall distribute pro-rata among those unsecured creditors whose claims are filed and allowed any funds remaining after paying priority and secured claims at total of $16,437.51 with monthly payments of **382.27** per month in months seventeen (17) through thirty (30); **$238.82** in month fifty-two (52); and **$653.09** in month fifty-three (59) through fifty-nine (59). Any claims filed after the proof of claims deadline shall receive no distribution under this plan unless specifically provided for above.

3.  **EXECUTORY CONTRACTS** The Debtors **do not reject** any executory contracts.

4.  **VESTING** Title to all property of the estate shall revest in the Debtors upon confirmation of this plan.

5.  **RETENTION OF LIEN** Secured creditors shall retain their liens until the allowed secured claim is paid in full.

6.  **INSURANCE** Debtors shall keep the collateral which secures any debt paid under this plan insured as provided for in the agreement between the Debtors and creditor.

7.  **CONFIRMATION OF THE PLAN** shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages, and/or deeds of trust on the principal residence of the Debtors to do all of the following:

  A.  To apply the payments received from the Trustee on the prepetition arrearages, if any, only to such arrearages. For purposes of this Plan the "prepetition" arrears shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the Discharge Order in this case.

  B.  To deem the prepetition arrearages as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the prepetition default or defaults.

  C.  To apply the direct post-petition monthly mortgage payments paid by the Trustee or by the Debtors to the month in which each payment was designated to be made under the plan or directly by the Debtors, whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forbearance, or similar account.

  D.  Any post petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the Debtors' completion of the Plan, unless specifically provided for in the Confirmation Order, or by further order of the Court on motion filed prior to completion of the Plan.

**DATED** July 30, 2015.          **PARKER & DUFRESNE, P.A.**

                                           */s/E. Warren Parker, Jr.*
                                           E. Warren Parker, Jr.
                                           Florida Bar No.: 958506
                                           8777 San Jose Blvd., #301
                                           Jacksonville, FL 32217
                                           (904) 733-7766/Fax: (904) 733-2919
                                           Attorney for Debtors